# Exhibit A – Plaintiff's Complaint

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling.

Approved, SCAO

| | | |
|---|---|---|
| | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |

| **STATE OF MICHIGAN**<br>JUDICIAL DISTRICT<br>SIXTH  JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS** | **CASE NO.**<br>2020-183397 NO |
|---|---|---|

**Court address**
1200 North Telegraph Road, Pontiac, MI 48341

**Court telephone no.**
(248) 858-0344

| Plaintiff's name(s), address(es), and telephone no(s).<br>VENERA DAVID COLLINS<br>7120 Balmoral Drive<br>West Bloomfield, MI 48322<br>(248) 668-9988 | v | Defendant's name(s), address(es), and telephone no(s).<br>LOWE'S HOME CENTERS, L.L.C.<br>c/o CSC Lawyers Incorporating Service<br>601 Abbot Road<br>East Lansing, MI 48823<br>(888) 690-2882 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>ERNEST F. FRIEDMAN (P26642)<br>30777 Northwestern Highway #200<br>Farmington Hills, MI 48334<br>(248) 350-9440<br>ernest@friedmanlaw.co | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>9/10/2020 | Expiration date<br>12/10/2020 | Court clerk<br>Lisa Brown |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (9/19)  **SUMMONS**  MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

FILED   Received for Filing   Oakland County Clerk   9/10/2020 2:49 PM

| PROOF OF SERVICE | **SUMMONS** Case No. 2020-183397 NO |
|---|---|

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☑ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☑ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with Interrogatories and Request for Production of Documents
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| LOWE'S HOME CENTERS, L.L.C. | c/o CSC, 601 Abbot Road, East Lansing, MI 48823 | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | Signature ROBERT R. GOTZ, JR. |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled Fee $ | TOTAL FEE $ | Name (type or print) LEGAL SECRETARY |
| | | | Title |

Subscribed and sworn to before me on _____, OAKLAND _____ County, Michigan.
                                         Date

My commission expires: 03/18/2023           Signature: _____           MARGARET KLINE
                       Date                            Deputy court clerk/Notary public

Notary public, State of Michigan, County of Wayne (Acting in Oakland)

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                        Attachments

_____ on _____
                   Day, date, time

_____ on behalf of _____
Signature

FILED  Received for Filing  Oakland County Clerk  9/10/2020 1:33 PM

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling.

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

| | |
|---|---|
| VENERA DAVID COLLINS,<br><br>    Plaintiff,<br><br>vs.<br><br>LOWE'S HOME CENTERS, LLC<br>A Foreign Limited Liability Company,<br><br>    Defendant. | Case No. 20-    NO<br>Hon.<br><br>2020-183397-NO<br>JUDGE SHALINA KUMAR |

ERNEST F. FRIEDMAN (P26642)
Attorney for Plaintiff
30777 Northwestern Highway #200
Farmington Hills, MI 48334
(248) 350-9440 ~ (248) 469-4365 (FAX)

_____/

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, by and through her attorneys, LAW OFFICES OF ERNEST F. FRIEDMAN, and for his complaint against Defendant, states as follows

### GENERAL ALLEGATIONS

1.    That Plaintiff is a resident of the Township of West Bloomfield, County of Oakland, State of Michigan.

1

2. That Defendant is a Foreign Limited Liability Company duly licensed to conduct business in the State of Michigan, and at all times pertinent hereto was the owner and/or operator of a retail business located at 2745 East West Maple Road in the Township of Commerce, County of Oakland, State of Michigan.

3. That the amount in controversy, exclusive of interests and costs, exceeds Twenty-Five Thousand Dollars ($25,000.00), and that jurisdiction and venue are otherwise proper.

## COUNT I – FAILURE TO INSPECT AND WARN OF HIDDEN DANGER

4. That, on or about February 24, 2018, Plaintiff was a lawful guest on the premises of Defendant as noted above when she slipped and fell on a wet and/or improperly cleaned floor at said premises, the conditions of said floor not observable upon casual inspection, causing Plaintiff to sustain serious injuries and damages as will be indicated below.

5. That Defendant owned and/or controlled the above-noted premises at the time of the accident.

6. That, at the time and place above indicated, Defendant owed a duty to Plaintiff and all others similarly situated to maintain the premises in a safe and careful manner, to keep the premises free from dangerous conditions, to provide safe premises for Plaintiff to travel past, to exercise reasonable care to protect Plaintiff, to warn Plaintiff of dangers of which they created, knew of or should have known of, and to inspect its premises to discover possible dangerous conditions.

7. That Defendant breached its duty in that they failed to provide a reasonably safe premises for travel by residents and guests, particularly Plaintiff.

8. That Defendant breached their duty to Plaintiff and were negligent in the following ways, including but not limited to:

   a. Failing to provide a reasonably safe surface on which to walk;
   b. Failing to keep the surface free from hazardous, unsafe and dangerous conditions;
   c. Failing to timely and adequately inspect the area so as to eliminate hazardous and dangerous conditions;
   d. Failing to timely remove or eliminate the hazardous and unsafe conditions and/or warn Plaintiff of the same;
   e. Failing to provide adequate lighting and/or lighting of any kind for the area;
   f. Failing and neglecting to correct and/or repair and/or warn of dangerous conditions, including a wet floor, which Defendant knew, or should have known, made the premises unsafe for walking;
   g. Failing and neglecting to use due care and inspect the premises to discover any possible defect which may pose a potential hazard to Plaintiff and/or other invitees;
   h. Any other acts and/or omissions which may be discovered during litigation.

9. That Defendant had actual and/or constructive notice of a hazardous and/or dangerous condition.

10. That Defendant knew of the existence of the defective hallway and had reasonable time to alleviate the condition before the injury to Plaintiff took place, but failed to do so and negligently breached their duty to Plaintiff to keep the premises in a safe and reasonable state of repair.

11. That Defendant knew, or should have known, that people traveled this stairway in their premises on a daily basis.

12. That the negligence of Defendant was a direct and proximate cause of Plaintiff's fall and her resulting injuries, losses and damages.

13. That, as a direct and proximate result of the negligence of Defendant, as alleged above, Plaintiff has sustained and will continue to sustain injuries, including but not limited to the following:

    a. Severe bodily injuries, including injuries to her back, neck, spine and other body parts, requiring medical care, including surgery, hospitalization and medication, all in an effort to cure and alleviate her injuries and attending pain and suffering;
    b. Shock and emotional damage; the effects of which are not yet fully known;
    c. Possible aggravation of pre-existing conditions and/or reactivation of dormant conditions;
    d. Was unable to attend to her usual affairs, render services as formerly;
    e. That prior to said injuries, Plaintiff enjoyed good health and was able to enjoy the recreational and social activities which were normal for persons of Plaintiff's age group. However, the injuries sustained have caused a permanent concession of these pleasures and, in the future, his participation will be limited due to the permanency of her injuries.

17. That, as a direct and proximate result of the negligence of Defendant and the injuries to Plaintiff as a result thereof, Plaintiff did and may continue to incur expenses for hospitals, doctors, x-rays, medicines and other medical supplies and attention.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) to which Plaintiff is found to be entitled, plus costs, interest and attorney fees.

### COUNT II - NEGLIGENT MAINTENANCE

14. Plaintiff herein realleges and reasserts Paragraphs 1 through 13 of this Complaint as if more fully stated herein, incorporating them by reference herein.

15. That, at the time and place above indicated, Defendant owed to all persons, and specifically to Plaintiff, a duty to maintain the premises under their jurisdiction and control in a safe and careful manner, free from dangerous conditions.

16. That, at the time and place aforementioned, Defendant was on actual and constructive notice of hazardous and/or dangerous conditions, as Defendant was under a duty to make reasonable and proper inspection for hazardous and/or dangerous conditions existing on their premises.

17. That Defendant knew or should have known of the existence of the defective stairway and had a reasonable time to alleviate said condition, before the injury to Plaintiff took place, but Defendant failed to do so and negligently breached a duty to Plaintiff to keep their hallway in safe and reasonable repair.

18. That the negligence of Defendant was a direct and proximate cause of Plaintiff's fall and her resulting injuries, losses, and damages.

19. That, as a direct and proximate result of the negligence of Defendant, as herein above alleged, Plaintiff has sustained and will continue to sustain injuries as more fully indicated above.

20. That as a direct and proximate result of the negligence of Defendant and the resulting injuries to Plaintiff, Plaintiff did and may continue to incur expenses for hospitals, doctors, x-rays, medicines and other medical supplies and attention.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) to which Plaintiff is found to be entitled, plus costs, interest and attorney fees.

## COUNT III - STATUTORILY CREATED DUTY

21. Plaintiff realleges and reasserts Paragraphs 1 through 24 of this Complaint as if more fully stated herein, incorporating them by reference herein.

22. Defendant had a statutorily created duty to Plaintiff and all others similarly situated to maintain its premises in a safe and careful manner, to keep the premises free from dangerous conditions, to provide safe premises for Plaintiff to travel through, to exercise reasonable care to protect Plaintiff, to warn Plaintiff of dangers they know of, should have known of or had created, and/or to inspect the subject premises to discover possible dangerous conditions.

23. That Defendant breached their duty in that they failed to provide a reasonably safe premises for residents and guests, particularly Plaintiff, to travel upon.

24. That Defendant breached their duty to Plaintiff and were negligent in the following ways, including but not limited to:

    a. Failing to provide a reasonably safe surface on which to walk;
    b. Failing to keep the surface free from hazardous, unsafe and dangerous conditions;
    c. Failing to timely and adequately inspect the area so as to eliminate hazardous and dangerous conditions;
    d. Failing to timely remove or eliminate the hazardous and unsafe conditions and/or warn Plaintiff of the same;
    e. Failing to provide adequate lighting and/or lighting of any kind for the area;
    f. Failing and neglecting to correct and/or repair and/or warn of dangerous conditions, including a wet floor, which Defendant knew, or should have known, made the stairway area unsafe for walking;
    g. Failing and neglecting to use due care and inspect the steps to discover any possible defect which may pose a potential hazard to Plaintiff and/or other invitees;
    h. Other acts and/or omissions which may be discovered throughout litigation.

29. That Defendant had actual and/or constructive notice of a hazardous and/or dangerous condition.

30. That as a direct and proximate result of the negligence of Defendant, as alleged above, Plaintiff has sustained and will continue to sustain injuries, including but not limited to the following:

a. Severe bodily injuries, including injuries to her back, neck, spine and other body parts, which are painful, disabling and required medical care, including surgery, hospitalization and medication, all in an effort to cure and alleviate the injuries and attending pain and suffering;
b. Shock and emotional damage; the effects of which are not yet fully known;
c. Possible aggravation of pre-existing conditions and/or reactivation of dormant conditions;
d. Was unable to attend to his usual affairs, render services as formerly;
e. That prior to said injuries, Plaintiff enjoyed good health and was able to enjoy the recreational and social activities which were normal for persons of Plaintiff's age group. However, the injuries sustained have caused a permanent concession of these pleasures and in the future her participation will be limited due to the permanency of her injuries.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) to which Plaintiff is found to be entitled, plus costs, interest and attorney fees.

Respectfully submitted,

LAW OFFICE OF ERNEST FRIEDMAN

BY: /s/ERNEST F. FRIEDMAN
ERNEST F. FRIEDMAN (P26642)
Attorney for Plaintiff
30777 Northwestern Highway #200
Farmington Hills, MI  48334
(248) 350-9440 ~ (248) 469-4365 (FAX)

DATED:  September 10, 2020

7