UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **VENERA DAVID COLLINS**, Plaintiff, vs. **LOWE'S HOME CENTERS, LLC**, Defendant. | 2:20-CV-12771-TGB-CI **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

 Venera Collins slipped and fell at a Lowe's store in Commerce Township, leading to emotional distress and injuries that still affect her. Plaintiff Collins sued Defendant Lowe's Home Centers, LLC under various tort theories. Lowe's moved for summary judgment. That motion will be **GRANTED IN PART** and **DENIED IN PART.**

## I. BACKGROUND

 On February 24, 2018, Plaintiff and her husband were at Lowe's to purchase plumbing supplies. When they were at the register, Mrs. Collins remembered that she wanted to buy moth balls and went to go find them. V. Collins Dep. 32:5-14, ECF No. 12-1, PageID.157. When Plaintiff turned into the aisle she had been directed to, she fell due to what she alleges was a freshly mopped floor that did not have any signage

1

around it. Compl. ¶ 1, ECF No. 1-1, PageID.17. As she describes it, when she turned into the aisle, "I was looking for the balls and [descriptive sound] I don't know what happened. When I looked, the whole floor was wet." V. Collins Dep. 32:18-33:2, ECF No. 12-1, PageID.157-58. She describes her fall as sudden. *Id.* at PageID.172-73. She lay on the floor in considerable pain, unable to get up and move, until eventually emergency services arrived, and she was provided with medical attention. *Id.* at PageID.174-77.

Plaintiff continued to experience pain that she attributes to the accident. She filed a lawsuit in state court on February 28, 2019. The parties engaged in significant motions practice and discovery there. After receiving the Case Evaluation summary with Plaintiff's claim for $74,522.85 in damages, Defendant timely removed the case to this Court on October 29, 2019. ECF No. 1, PageID.3. After further discovery in this Court, Defendant filed its Motion for Summary Judgment. ECF No. 14. After receiving further briefing, the Court heard argument on the motion on April 26, 2021.

## II. STANDARD OF REVIEW

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact such that the movant is entitled to a judgment as a matter of law." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013);

2

*see also* Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 531 (6th Cir. 2001).

The moving party has the initial burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348. The trial court is not required to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). Rather, the "nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001). The Court must then determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to the trier of fact or whether the moving party must prevail as a matter of law. *See Anderson*, 477 U.S. at 252.

## III. ANALYSIS

### A. Premises liability

Plaintiff first brings a claim in Count I for premises liability. A premises possessor (or invitor) owes a duty to invitees, such as customers, to exercise reasonable care to protect invitees from any unreasonable risk of harm caused by a dangerous condition on the land. *Lugo v. Ameritech Corp.*, 629 N.W.2d 384, 386 (Mich. 2001) (citing *Bertrand v. Alan Ford, Inc.*, 537 N.W.2d 185 (Mich. 1995)). There are several elements to a premises liability claim, which the Court will address in turn.

#### i. **Plaintiff has created a genuine issue of material fact regarding notice**

Liability for a breach of premises maintenance duty occurs when a premises possessor "knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Hoffner v. Lanctoe*, 821 N.W.2d 88, 94 (Mich. 2012). To succeed on a premises liability claim, a plaintiff must show either actual or constructive notice regarding the dangerous condition: in the case of something like water on the floor, that "defendant knew about the alleged water . . . or should have known of it because of its character or the duration of its presence." *Lowrey v. LMPS & LMPJ, Inc.*, 890 N.W.2d 344, 350 (Mich. 2016).

A plaintiff can show notice in a variety of ways. Courts have recognized evidence of a recent spillage or cleaning, a significant length

of time that a spill was unresolved, "caution" signs, and indicators regarding bad weather conditions as sufficient to indicate a store would have been on notice of wetness on the floor. *See Luzier v. Sears Roebuck & Co.*, No. 08-CV-11635, 2009 WL 2960630, at *4 (E.D. Mich. Sept. 11, 2009) (employee caused the spill and therefore store was on notice regarding the condition); *Lapczynski v. Wal-Mart Stores Inc.*, No. 17-CV-10499, 2018 WL 1898462, at *5 (E.D. Mich. Apr. 20, 2018) (severity of winter weather conditions created genuine issue of fact as to whether store had notice of water on floor). By contrast, "sheer speculation" as to what caused a condition on the land, without any supporting evidence, is not enough to create a genuine issue of material fact regarding notice. *Gresko v. Southland Joint Venture*, 859 F. Supp. 1089, 1093 (E.D. Mich. 1994) (no material dispute regarding notice because plaintiff's theory of causation was "unsupported by the evidence").

Defendant's primary argument regarding notice is that in their deposition testimonies, neither Plaintiff nor her husband were able to offer much description of the fluid on the floor that purportedly caused her fall. ECF No. 11, PageID.81-85. There is also no testimony regarding mop buckets, signs, or an employee stating that the floor had been cleaned. Defendant therefore claims there is no evidence in the record indicating the presence of a condition as to which it should have been on notice. Plaintiff testified that the floor was wet, and maintains her theory that the water on the floor was the result of mopping, meaning the store

5

should have been on notice to its presence (because only a store employee would have mopped). ECF No. 13, PageID.318-22.

Although Plaintiff overstates her position—there is no evidence in the record that definitively points to mopping as the cause of liquid on the floor—so does Defendant. Regardless of whether the floor was mopped or the liquid came to be there in some other way, Plaintiff crucially testifies that the floor was "wet all over" and that the "whole floor was wet." V. Collins Dep. 33, 47, 54-55, ECF No. 12-1, PageID.158, 172, 179-80. She testifies that her arm and hand were all wet after coming into contact with the floor during her fall. *Id.* at 61:11-13, PageID.186. Her husband also testified to noticing that "the floor was wet" when he came to the aisle where she fell. R. Collins Dep. 13:21, ECF No. 12-2, PageID.270. It is correct, as Defendant points out, that neither Plaintiff nor her husband could describe the liquid's smell or color, or even definitely say that it was water. But a jury that believed Plaintiff's and her husband's testimony could find that the presence of liquid on the floor in such quantity as to lead to Plaintiff's descriptions—the "whole floor" being wet "all over" and her wet arm and hand—is a sufficiently considerable condition that the store should have been on notice of it. *Cf. Lowrey*, 890 N.W.2d at 350-51 (finding summary judgment for defendant appropriate because plaintiff presented "no evidence concerning the character of the condition was presented"). The "character" of the liquid in this case is the key descriptor; Plaintiff said she saw it all over the floor

6

and her husband said he saw it as well. Because Plaintiff has raised a genuine issue of material fact regarding notice, the claim cannot be denied on that ground.

> ### ii. Whether the hazard was "open and obvious" is also a jury question

Even if a plaintiff can make a prima facie showing of a premises liability claim, if the risk of harm exists only because the invitee does not discover it or realize it, and they should have, the "open and obvious" doctrine prevents the invitor from facing liability. Dangers are "open and obvious" if they "are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them." *Riddle v. McLouth Steel Prod. Corp.*, 485 N.W.2d 676, 681 (Mich. 1992).

The test for whether a condition on a premises presents an "open and obvious" risk of injury is an objective one: "whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner*, 821 N.W.2d at 94-95. Examples of conditions that Michigan courts have found to be open and obvious include a step (*Bertrand*), a pothole (*Lugo*), ice and snow on the ground in the winter (*Hoffner*, also *Buhalis v. Trinity Continuing Care Servs.*, 822 N.W.2d 254 (Mich. 2012)), a metal strip at the bottom of a display (*Bradfield v. Meijer, Inc.*, No. 258458, 2006 WL 708145 (Mich. Ct. App. Mar. 21, 2006)), and a stack of boxes that the plaintiff stood on to

7

reach something (*Bizyk v. Joe Randazzo's Fruit & Vegetable, Inc.*, No. 250570, 2005 WL 387550 (Mich. Ct. App. Feb. 17, 2005)).

There is no "standard" outcome that Michigan courts have adopted concerning whether puddles of liquid on the floor are open and obvious, which makes sense given the fact-specific nature of the inquiry. Whether a person might be "reasonably expected" to discover the liquid on "casual inspection" generally depends on contextual facts like how large the puddle was, what the color of the floor was underneath it, and whether there are conflicts between deposition testimony and other evidence. *See, e.g.*, *Lapczynski*, 2018 WL 1898462 at *6 (wet floor found to be open and obvious given the severity of the weather conditions, and plaintiff's acknowledgement of how bad the weather was outside) *Bahlak v. Target Corp.*, No. 2:07-CV-11344, 2008 WL 4937969, at *5 (E.D. Mich. Nov. 14, 2008) (conflicts between testimony from defendant describing the floor and video evidence create a genuine issue of material fact as to whether the water hazard was open and obvious or not); *Shiemke v. Target Corp.*, No. 13-14738, 2014 WL 7204971, at *5 (E.D. Mich. Dec. 17, 2014) (genuine issue of material fact as to whether water on store floor was open and obvious because the floor was reflective and shiny, potentially making it difficult to see a liquid on casual inspection).

Here, there is simply not enough evidence to say conclusively that the liquid on the floor was open and obvious. There is no helpful photo or

8

video evidence[1] of the floor where Plaintiff fell, and no testimony regarding the nature of the liquid on the floor from anyone except Plaintiff and her husband. Their testimony of water "all over" does not provide any detail as to visibility conditions or the characteristics of the floor. Defendant's counsel pressed strongly at oral argument the theory that because Plaintiff and her husband both testify to seeing the liquid on the floor when they looked for what caused Plaintiff's fall, it must have been open and obvious. But the fact that a person sees a hazard *when they are specifically looking for one* does not necessarily mean that it would have been noticeable it on "casual inspection." Because there are questions of fact as to whether the risk presented by the water was in fact open and obvious, summary judgment as to Count I is denied.[2]

---

[1] Defendant has introduced a picture of floor with a puddle of liquid into the record, purportedly taken by a Lowe's employee after the accident. ECF No. 12-3. But Plaintiff testifies to water "all over" and does not ever mention slipping in a small puddle. This exhibit also includes what appears to be a picture of Plaintiff's leg on the ground, but the resolution is poor. The Court does not find that either of these pictures resolves the "open and obvious" question.

[2] If, despite the "open and obvious" nature of the risk, the risk is still unreasonable, there may be some duty to undertake reasonable precautions. That duty generally requires the presence of "special aspects of a condition" that (1) "make even an open and obvious risk unreasonably dangerous," or (2) create "situations in which it is "effectively unavoidable" for an invitee to avoid the hazard posed by such an inherently dangerous condition." *Hoffner*, 821 N.W.2d at 91. But having found that there is a question of fact about whether the water was open and obvious, the Court need not address whether there are any "special aspects" present.

9

## B. Negligence

In Count II, Plaintiff alleges that Lowe's is liable under a theory of general negligence. Compl. ¶¶ 14-20, ECF No. 1-1, PageID.19-20. Whether a plaintiff can maintain a negligence claim in addition to a premises liability claim depends on the nature of the allegations and the factual situation. "[E]very person who engages in the performance of an undertaking has an obligation to use due care or to act so as not to unreasonably endanger the person or property of another," and a negligence claim must allege that some *person* did not fulfill this duty. *Jahnke v. Allen*, 865 N.W.2d 49, 51 (Mich. Ct. App. 2014) (quoting *Schenk v. Mercury Marine Div., Lowe Indus.*, 399 N.W.2d 428 (Mich. Ct. App. 1986)). Specific to retail establishments, in Michigan "[i]t is the duty of a storekeeper to provide reasonably safe aisles for customers and he is liable for injury resulting from an unsafe condition either caused by the active negligence of himself and his employees or, if otherwise caused, where known to the storekeeper or is of such a character or has existed a sufficient length of time that he should have had knowledge of it." *Clark v. Kmart Corp.*, 634 N.W.2d 347, 348-49 (Mich. 2001) (quoting *Serinto v. Borman Food Stores*, 158 N.W.2d 485 (Mich. 1968)).

By contrast, "[i]f the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to

10

the plaintiff's injury." *Buhalis*, 822 N.W.2d at 258 (citing *James v. Alberts*, 626 N.W.2d 158 (Mich. 2001)). Despite a plaintiff labeling her negligence and premises liability claims as distinct, courts need not treat them separately if they are really one and the same because they have to do with "conditions on the land" owned by the business. *See Buhalis*, 822 N.W.2d at 258 (plaintiff slipped and fell on ice on a patio near defendant's building entrance, general assertions that defendant's "employees caused the dangerous condition at issue" not enough to establish negligence claim); *Barriger v. Bon-Ton Dep't Stores, Inc.*, No. 339317, 2019 WL 2552939, at *2 (Mich. Ct. App. June 20, 2019) (plaintiff tripped on a rug in a store, court found that allegations centered on a condition in the store and not employee conduct).

Here, Plaintiff has not sufficiently alleged any action on the part of any employee such that this negligence claim can stand. As discussed, Plaintiff makes some allegations about mopping, but even taking those as true courts generally require a more independent, affirmative action to take a claim out of "condition of the land" territory. Such actions might include an employee trying to to help Plaintiff cross a patch of water, and negligently causing her to fall, or an employee negligently creating a spill or some other hazard. *See Hall v. IKEA Prop. Inc.*, 171 F. Supp. 3d 634, 640 (E.D. Mich. 2016) (analysis of the difference between premises liability and negligence claims); *England v. Meijer, Inc.*, No. 322065, 2015 WL 6161735, at *4 (Mich. Ct. App. Oct. 20, 2015) (finding that employee's

11

failure to put a caution sign or block the aisle near a spill did not amount to "affirmative conduct" such that plaintiff could state a negligence claim). Plaintiff's negligence claim is not viable, and Defendant's Motion is granted as to Count II.

### C. Statutorily created duty

Count III of Plaintiff's Complaint alleges violation of a "statutorily created duty." But at no point in her briefing does Plaintiff identify a statute that creates a duty in this circumstance, and her counsel was unable to do so at oral argument. The Court takes this claim to be waived, and Defendant's Motion to Dismiss is granted as to Count III.

## CONCLUSION

For the reasons stated, Lowe's Motion for Summary Judgment (ECF No. 14) is **GRANTED IN PART** and **DENIED IN PART.** Specifically, summary judgment is **DENIED** as to the premises liability claim in Count I. Summary judgment is **GRANTED** as to the negligence claim in Count II and the statutory duty claim in Count III.

**SO ORDERED**, this 25th day of May, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge